# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Thomas D McDevitt,<br>    Debtor.<br>Nationstar Mortgage LLC,<br>    Movant,<br>v.<br>Thomas D McDevitt,<br>    Debtor/Respondent,<br>KENNETH E. WEST, Esquire,<br>    Trustee/Respondent. | Bankruptcy No. 19-16676-mdc<br><br>Chapter 13<br><br>Hearing Date: September 20, 2022<br>Hearing Time: 10:30am<br>Location: 900 Market Street, Suite 202, Philadelphia, PA 19107 |

## MOTION OF NATIONSTAR MORTGAGE LLC FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT NATIONSTAR MORTGAGE LLC TO FORECLOSE ON 2428 SOUTH BOUVIER STREET, PHILADELPHIA, PENNSYLVANIA 19145

Secured Creditor, Nationstar Mortgage LLC, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Thomas D McDevitt, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on October 25, 2019.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On March 7, 2014, Thomas Mcdevitt, aka Thomas D. McDevitt executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in

the amount of $122,700.00 to PHH Mortgage Corporation. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on April 9, 2014 in Document Number 52768995 of the Public Records of Philadelphia County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 2428 South Bouvier Street, Philadelphia, Pennsylvania 19145, ("the Property").

6. The loan was lastly assigned to Nationstar Mortgage LLC and same was recorded with the Philadelphia County Recorder of Deeds on July 15, 2022, as Instrument Number 54071088. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

7. Based upon the Debtor's Amended Chapter 13 Plan (Docket No. 19), Debtor is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Amended Chapter 13 Plan is attached hereto as Exhibit "D."

8. Upon review of internal records, Debtor has failed to make the monthly post-petition payments of principal, interest, and escrow to Secured Creditor in the amount of $968.54 which came due on June 1, 2022; and payments in the amount of $1,029.02 which came due on July 1, 2022 and August 1, 2022, respectively.

9. Thus, Debtor's post-petition arrearage totaled the sum of $2,397.76 with the suspense balance of $628.82 through August 10, 2022.

10. Upon review of internal records, the current unpaid principal balance due under the loan documents is approximately $104,384.98. Movant's total claim amount, itemized below,

is approximately $105,498.52. See Exhibit "E."

| Unpaid Balance | $104,384.98 |
|---|---|
| Interest Amount | $1,350.36 |
| Total Suspense | ($236.82) |
| Total Payoff | $105,498.52 |

11. According to the Debtor's schedules, the value of the property is $159,300.00. A true and accurate copy of the Debtor's Schedule A/B is attached hereto as Exhibit "F."

12. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements in support of right to see a lift of the automatic stay and foreclose if necessary.

13. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

14. As set forth herein, Debtor has defaulted on the secured obligation having failed to make all monthly post-petition installment payments due to Secured Creditor.

15. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

16. Additionally, once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Nationstar Mortgage LLC to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: August 23, 2022

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@raslg.com